**FILED**

January 20, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
NM
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ZOYLA GUTIERREZ-ORELLANA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-00207-OLG** |
| | § | |
| **ACTING DIRECTOR TODD M. LYONS,** *et al.*, | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER FOR SERVICE**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) filed by Petitioner Zoyla Gutierrez-Orellana, who is currently detained at the Dilley Immigration Processing Center in Dilley, Texas, located in the Western District of Texas.

Upon review, it is **ORDERED** that the Clerk of Court shall send copies of the Petition (Dkt. No. 1) and this Order by certified mail return receipt requested to the Office of the United States Attorney at the following address:

> **Mary F. Kruger
> United States Attorney's Office
> Chief, Civil Division
> 601 NW Loop 410, Suite 600
> San Antonio, TX 78216**

Delivery by certified mail return receipt requested of those documents shall constitute sufficient service of process upon the federal Respondents.

It is further **ORDERED** that the Clerk of Court shall serve Respondent Warden, Dilley Immigration Processing Center, with copies of the Petition (Dkt. No. 1) and this Order by certified mail return receipt requested at the following address:

**Warden**
**Dilley Immigration Processing Center**
**300 El Rancho Way**
**Dilley, TX 78017**

Delivery by certified mail return receipt requested of those documents shall constitute sufficient

service of process.

It is further **ORDERED** that:

1. Respondents must file a response to the Petition (Dkt. No. 1) **within 5 days** after service. *See* 28 U.S.C. § 2243. Respondents may, in lieu of a response, file a motion requesting additional time of up to 20 days to respond. *See id.*

2. Because this proceeding appears to turn entirely on whether Petitioner is a detainee subject to § 1225(b) or § 1226(a), **in preparing their response, Respondents must consider the attached orders and identify any material differences that exist between the facts in this case and those presented in those cases.**

3. If Petitioner elects to file a reply, she may do so **no later than 7 day**s after the Respondents' response is filed.

**SIGNED** on January 20, 2026.

ORLANDO L. GARCIA
United States District Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

November 17, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

| | |
|---|---|
| **DANIEL ALEXANDER MENDOZA EUCEDA,** | § § § § |
| **Petitioner,** | § § |
| **v.** | § § § |
| **KRISTI NOEM,** *et al.,* | § § § |
| **Respondents.** | § |

NO. SA-25-CV-01234-OLG

## ORDER

Before the Court is Petitioner Daniel Alexander Mendoza Euceda's Petition for Writ of Habeas Corpus (*see* Dkt. No. 1), filed pursuant to 28 U.S.C. § 2241, along with his Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (*see* Dkt. No. 2), on September 30, 2025. For the following reasons, the Court will grant the Petition in part and order that Petitioner be given a bond hearing or released within 14 days.

## BACKGROUND

This habeas proceeding concerns whether Petitioner is a detainee subject to § 1225(b)(2)(A), which mandates detention during removal proceedings, or to § 1226(a), which makes detention discretionary and provides for a bond hearing, of the Immigration and Nationality Act (INA). *See* 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). This case, like many others, arises from the Government's novel interpretation of the former to apply to all noncitizens, like Petitioner, who are already in the country.

The relevant facts are undisputed. Petitioner is a Honduran native who entered the United States without inspection as an unaccompanied minor sometime in 2023. (Dkt. No. 1 ¶ 20; Dkt. No. 2 at 2.) He was detained by ICE on February 28, 2023, and placed in removal proceedings. (Dkt. No. 1 ¶ 20.) The Office of Refugee Resettlement released him from its custody on September

27, 2023. (*Id.*) Days later, on October 2, 2023, the Houston immigration court dismissed Petitioner's removal proceedings to permit him to apply for Special Immigration Juvenile (SIJ) status,[1] which he did. (*Id.*; Pet.'s Ex. 4.) USCIS approved Petitioner's application for SIJ status on November 11, 2023 (Dkt. No. 1 ¶ 21), permitting him to legally remain in the United States "while he waited for a visa to become available so that he [could] apply for Legal Permanent Residency." (*Id.*) His SIJ status also allowed him to apply for a work permit and Texas Driver's License, and he obtained both. (*Id.*)

On August 3, 2025, Petitioner was pulled over by a Texas State Trooper. (Dkt. No. 1 ¶ 22.) Petitioner was driving a company truck belonging to his employer. (*Id.*) The Trooper informed him that a "ladder was sticking out too far in the back" and asked to see Petitioner's license and proof of insurance. (*Id.*) Petitioner complied. (*Id.*) Within "a few minutes," ICE officers arrived at the traffic stop. (*Id.*) The Trooper returned Petitioner's proof of insurance, gave his driver's license to the ICE officers, and left the scene; Petitioner did not receive a citation for any traffic violation. (*Id.*)

Petitioner explained his SIJ status to the ICE officers, who arrested him without explanation, served him with a Notice to Appear (NTA), and placed him in removal proceedings once again. (*Id.* ¶ 23; *see* Dkt. No. 14-1 at 1.) The NTA charges that Petitioner is subject to removal under § 212(a)(6)(A)(i) of the INA (Dkt. No. 14-1 at 1), which provides that an "alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible," 8 U.S.C. § 1182(a)(6)(A)(i).

_____

[1] "An alien granted SIJ status is deemed paroled into the United States for purposes of applying for an adjustment of status to that of permanent resident, despite not having been inspected and admitted or otherwise paroled into the United States." *United States v. Garcia*, 707 F. App'x 231, 232 (5th Cir. 2017) (citing 8 U.S.C. § 1255(h)).

## DISCUSSION

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

I.     **Jurisdiction**

Respondents cite two jurisdiction-stripping provisions of the INA: § 1252(g) and § 1252(b)(9). Section 1252(g) applies to "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). Section 1252(b)(9) confines "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" to final orders of removal. Neither statute divests the Court of jurisdiction here.

First, § 1252(g) only bars jurisdiction over challenges to three distinct actions by the Attorney General: the commencement of removal proceedings, the adjudication of those proceedings, and the execution of removal orders. *See* 8 U.S.C. § 1252(g); *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."). Here, Petitioner challenges his detention incident to his removal proceedings, and § 1252(g)'s

jurisdictional bar therefore does not apply. *See Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *4 (W.D. Tex. Sept. 22, 2025).

Second, and likewise, § 1252(b)(9) is not as broad as Respondents assert. *See Jennings*, 583 U.S. at 293–94 (describing the "expansive interpretation of § 1252(b)(9)" proposed by Respondents as "absurd," and inevitably "lead[ing] to staggering results"). Ultimately, § 1252(b)(9) does not apply where a petitioner is challenging his detention, as opposed to "asking for review of an order of removal," "challenging the decision to detain [him] in the first place or to seek removal," or "challenging any part of the process by which [his] removability will be determined." *Id.* at 294; *see also Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *4 n.2 (S.D. Tex. Oct. 3, 2025) (discussing *Jennings*). Here, because Petitioner challenges only his ongoing detention during the pendency of his removal proceedings, "§ 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 583 U.S. at 295.

Accordingly, neither provision cited by Respondents deprive the Court of jurisdiction over this habeas proceeding. Because the preliminary injunctive relief sought by Petitioner is the same as the ultimate relief he seeks on the merits of this habeas proceeding, the Court proceeds directly to the merits of the habeas petition. *See Covarrubias*, 2025 WL 2950097, at *5 (granting petition for writ of habeas corpus and denying motion for identical preliminary relief as moot); *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *4 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) (same).

## II.    Merits

In the petition, Petitioner asserts statutory and constitutional bases for relief. (Dkt. No. 1 ¶¶ 79–87.) Because the Court agrees with Petitioner's statutory argument—that he is a detainee subject to § 1226(a)—it does not address his asserted procedural due process violations.

Petitioner's statutory challenge to his detention turns on whether 8 U.S.C. § 1225(b)(2) or § 1226(a) applies to him. If § 1225(b)(2) applies, then Petitioner's detention is mandatory during the pendency of his removal proceedings. *See* 8 U.S.C. § 1225(b)(2)(A) (providing that "the alien *shall* be detained") (emphasis added). If § 1226(a) applies, then Petitioner's detention is discretionary, and he is entitled to a bond redetermination hearing before an immigration judge. *See id.* § 1226(a) (providing that "an alien *may* be arrested and detained") (emphasis added). In other words, "noncitizens detained under [§] 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under [§] 1226(a) are entitled to a bond hearing." *Covarrubias*, 2025 WL 2950097, at *2.

Pursuant to § 1225(b)(2), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Here, Petitioner is unquestionably an "an applicant for admission." Under the INA, an "applicant for admission" includes any "alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). Petitioner entered the United States in 2023 without inspection; thus, he was present in the United States without having been admitted when ICE took him into custody on August 3, 2025. The Court therefore agrees with Respondents that Petitioner is appropriately categorized as an "applicant for admission."

The question, then, is whether *all* applicants for admission are subject to mandatory detention under § 1225(b)(2)(A), or only those applicants for admission whom the examining immigration officer determines to be "an alien *seeking* admission [and] . . . not clearly and beyond a doubt entitled to be admitted." *Id.* § 1225(b)(2)(A) (emphasis added).

Relying on a recent decision from the Board of Immigration Appeals (BIA), Respondents endorse the former interpretation, arguing that under § 1252(b)(2), mandatory detention applies to all applicants for admission, including Petitioner. (*See* Dkt. No. 14 at 7–8); *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). This approach is an abrupt departure from the Government's "longstanding interpretation . . . that § 1226(a), not § 1225(b)(2), applies" to applicants for admission, like Petitioner, who are already present in the country. *Buenrostro-Mendez*, 2025 WL 2886346, at *2.

Numerous courts have either rejected Respondents' broad new interpretation of § 1252(b)(2)[2] or held that mandatory detention without an individualized determination as to

_____

[2]*See Buenrostro-Mendez*, 2025 WL 2886346; *Covarrubias*, 2025 WL 2950096; *Guerrero v. Noem*, No. AU-25-CV-1334-RP (W.D. Tex. Oct. 27, 2025); *Pereira-Verdi v. Lyons*, No. SA-25-CV-1187-XR (W.D. Tex. Oct. 10, 2025); *see also Gutierrez v. Baltasar*, No. 25-CV-2720, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *H.G.V.U. v. Smith*, No. 25-CV-10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Menjivar Sanchez v. Wofford*, No. 25-CV-1187, 2025 WL 2959274 (E.D. Cal. Oct. 17, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); *Maldonado v. Baker*, No. 25-3084, 2025 WL 2968042 (D. Md. Oct. 21, 2025); *Buestan v. Chu*, No. 25-16034, 2025 WL 2972252 (D. N.J. Oct. 21, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879 (D. Mass. Oct. 17, 2025); *Ochoa Ochoa v. Noem*, No. 25-CV-10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *Casio-Majia v. Raycraft*, No. 25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Hernandez v. Crawford*, No. 25-CV-1565, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025); *Pablo Sequen v. Albarran*, --- F. Supp. 3d ---, 2025 WL 2935630 (N.D. Cal. 2025); *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609 (S.D. Fla. Oct. 15, 2025); *Singh v. Lyons*, No. 25-CV-1606, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Alejandro v. Olson*, No. 25-CV-2027, 2025 WL 2896348 (S.D. Ind. Oct. 11, 2025); *Rico-Tapia v. Smith*, --- F. Supp. 3d ---, 2025 WL 2950089 (D. Haw. 2025); *Chavez v. Kaiser*, No. 25-CV-6984, 2025 WL 2909526 (N.D. Cal. Oct. 9, 2025); *Ortiz Donis v. Chestnut*, No. 25-CV-1228, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *Ballestros v. Noem*, No. 25-CV-594, 2025 WL 2880831 (W.D. Ky. Oct. 9, 2025); *Eliseo A.A. v. Olson*, No. 25-3381, 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *S.D.B.B. v. Johnson*, No. 25-CV-882, 2025 WL 2845170 (M.D.N.C. Oct. 7, 2025); *Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-CV-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lomeu v. Soto*, No. 25-CV-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Del Cid v. Bondi*, No. 25-CV-304, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025); *Aguilar Guerra v. Joyce*, No. 25-CV-534, 2025 WL 2986316 (D. Me. Oct. 23, 2025); *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Padilla v. Noem*, No. 25-CV-12462, 2025 WL 2977742 (N.D. Ill. Oct. 22, 2025); *Garcia v. Noem*, No. 25-CV-2771, 2025 WL 2986672 (C.D. Cal. Oct. 22, 2025); *Cortez Rivera v. Hyde*, No. 25-CV-12390, 2025 WL 2977900 (D. Mass. Oct. 22, 2025); *Moreira Aguiar v. Moniz*, No. 25-CV-12706, 2025 WL 2987656 (D. Mass. Oct. 22, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-CV-12826, 2025 WL 2976739 (E.D. Mich. Oct. 21, 2025); *Pineda v. Simon*, No. 25-CV-1616, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Santos Franco v. Raycraft*, No. 25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Sanchez Alvarez v. Noem*, No. 25-CV-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025); *Sandoval v. Raycraft*, No. 25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17,

danger and flight risk violates procedural due process.[3] The Court joins with the former and rejects Respondents' interpretation and application of § 1252(b)(2)(A) to all applicants for admission, including Petitioner.

The plain language of § 1252(b)(2) applies its mandatory-detention provision only where the applicant for admission is "seeking admission." *See* 8 U.S.C. § 1252(b)(2)(A). The argument that "seeking admission" is synonymous with being an "applicant for admission" runs contrary to established canons of statutory interpretation that "a variation in terms suggests a variation in meaning" and "[w]ords are to be given the meaning that proper grammar and usage would assign them." *Covarrubias*, 2025 WL 2950097, at *4 (quoting *Antonin Scalia & Bryan A. Garner*, Reading Law: The Interpretation of Legal Texts 170, 140 (2012)). "Seeking" is a "present-tense, or current, ongoing action, and varies materially from the passive state of being an

---

2025); *Pacheco Mayen v. Raycraft*, No. 25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Elias Escobar v. Hyde*, No. 25-CV-12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499 (W.D. Wa. 2025); *Helbrum v. Williams Olson*, No. 25-CV-349, 2025 WL 2840273 (S.D. Iowa Sept. 30, 2025); *Chiliquinga Yumbillo v. Stamper*, No. 25-CV-479, 2025 WL 2783642 (D. Me. Sept. 30, 2025); *Inlago Tocagon v. Moniz*, ---- F. Supp. 3d ---, 2025 WL 2778023 (D. Mass. 2025); *Chang Barrios v. Shepley*, No. 25-CV-406, 2025 WL 2772579 (D. Me. Sept. 29, 2025); *J.U. v. Maldonado*, No. 25-CV-4836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Zumba v. Bondi*, No. 25-CV-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Roa v. Albarran*, No. 25-CV-7802, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025); *Lepe v. Andrews*, --- F. Supp. 3d ---, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-CV-1684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, --- F. Supp. 3d ---, 2025 WL 2712427 (N.D. Iowa 2025); *Choglo Chafla v. Scott*, No. 25-CV-437, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Singh v. Lewis*, No. 25-CV-96, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-CV-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Bautista Pico v. Albarran*, No. 25-CV-8002, 2025 WL 2689860 (N.D. Cal. Sept. 19, 2025); *Vazquez v. Feeley*, No. 25-CV-1542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Salazar v. Dedos*, No. 1:25-CV-00835-DHU-JMR, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *but see Garibay-Robledo v. Noem*, No. 1:25-CV-177-H (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, --- F. Supp. 3d ---, 2025 WL 2780351 (D. Neb. 2025); *Chavez v. Noem*, --- F. Supp. 3d ---, 2025 WL 2730228 (S.D. Cal. 2025); *Sandoval v. Acuna*, No. 6:25-CV-1467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025).

[3]*See Lopez-Arevelo*, 2025 WL 2691828 (applying *Matthews v. Eldridge* factors); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025); *Vieira v. De Anda-Ybarra*, --- F. Supp. 3d ---, 2025 WL 2937880 (W.D. Tex. 2025); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. EP-25-CV-470-KC, 2025 WL 3123828 (W.D. Tex. Nov. 7, 2025); *see also Torres v. Wamsley*, No. 25-5772, 2025 WL 2855379 (W.D. Wa. Oct. 8, 2025).

applicant." *Covarrubias*, 2025 WL 295007, at *4. And the INA specifically defines "admission" as "lawful entry . . . after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). When Petitioner was taken into custody in August, he was not "seeking admission" because he was not seeking "lawful entry into the United States," let alone after inspection and authorization by an immigration officer.

Accordingly, Petitioner is a detainee subject to § 1226(a), not § 1225(b). *See Jennings*, 583 U.S. at 289 ("In sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c).") (emphasis added).[4]

## III.    Relief

The question, now, is the appropriate relief. Petitioner asks the Court to either order his immediate release or that he be given a bond hearing pursuant to § 1226(a) within three days. (Dkt. No. 1 at 34.) "Many courts have found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner." *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (quoting *Lopez-Arevelo*, 2025 WL 2691828, at *13 (citation modified)). The Court will therefore order Respondents to either hold a bond hearing under § 1226(a) within 14 days or release Petitioner.

## CONCLUSION

Petitioner Daniel Alexander Mendoza Euceda's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing

---

[4]The Court notes that, even if this portion of *Jennings* is considered dicta, the Court is "generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024).

pursuant to § 1226(a) by **December 1, 2025**, or release him. The parties must file an advisory as to the status of Petitioner's bond hearing, if any, no later than December 4, 2025.

Petitioner's request for attorney's fees under the Equal Access to Justice Act (*see* Dkt. No. 1) is **DENIED**. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. No. 2) is **DISMISSED AS MOOT**.

It is so **ORDERED**.

**SIGNED** this _____ day of November 2025.

                                                    _____
                                                    ORLANDO L. GARCIA
                                                    United States District Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

December 04, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____**NM**_____

DEPUTY

| | |
|---|---|
| **SHAHROKH RAHIMI,** | § |
| **Petitioner,** | § |
| | § |
| **v.** | § |
| | § |
| **BOBBY THOMPSON** *et al.*, | § |
| | § |
| **Respondents.** | § |

**CIVIL NO. SA-25-CV-1338-OLG**

## <u>ORDER</u>

Pending before the Court is Petitioner Shahrokh Rahimi's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 11), and Petitioner filed a reply (Dkt. No. 12). The Petition (Dkt. No. 1) is **GRANTED IN PART** as set forth below.

## I.    BACKGROUND

This habeas proceeding concerns whether Petitioner is a detainee subject to § 1225(b)(2)(A), which mandates detention during removal proceedings, or to § 1226(a), which makes detention discretionary and provides for a bond hearing, of the Immigration and Nationality Act (the "INA"). *See* 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). This case, like many others, arises from the Government's novel interpretation of the former to apply to all noncitizens, like Petitioner, who are already in the country.

The relevant facts are undisputed. Petitioner is an Iranian native who entered the United States without inspection in 2003. *See* Dkt. Nos. 1 at 7–8; 11 at 2. In 2009, Immigration and Customs Enforcement ("ICE") initiated removal proceedings against Petitioner. *See* Dkt. No. 11-1. In 2010, an immigration judge ("IJ") ordered Petitioner removed from the United States. *See* Dkt. No. 11-2 at 1. The IJ also granted withholding of removal to Iran. *See* Dkt. Nos. 1 at 8; 11

at 2. Shortly thereafter, ICE released Petitioner under an order of supervision ("OSUP"). *See* Dkt. Nos. 1 at 8; 11 at 2; 11-2 at 2–3.

For the next fifteen years, Petitioner remained on supervised release. *See* Dkt. Nos. 1 at 8–9; 11 at 2. On June 22, 2025, ICE revoked Petitioner's OSUP citing "changed circumstances." *See* Dkt. Nos. 1 at 9; 11 at 2–3; 11-3. On August 11, 2025, the IJ reopened Petitioner's immigration proceedings and vacated the final order of removal. *See* Dkt. Nos. 1 at 9–10; 1-3 at 3; 11 at 3. Petitioner applied for a bond hearing, which was denied on the grounds that his detention is mandatory, depriving the immigration court of jurisdiction to determine whether bond is appropriate. *See* Dkt. No. 1-4 at 4.

## II.    DISCUSSION

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sept. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

## A.    Jurisdiction

Respondents cite three jurisdiction-stripping provisions of the INA: § 1252(e)(3), § 1252(g) and § 1252(b)(9). Section 1252(e)(3) vests the District of Columbia with exclusive jurisdiction to resolve challenges to the lawfulness of any section of the INA "or any regulation issued to implement such section." 8 U.S.C. § 1252(e)(3). Section 1252(g) applies to "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Id.* § 1252(g). Section

1252(b)(9) confines "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" to final orders of removal. *Id.* § 1252(b)(9). None of these statutes divest the Court of jurisdiction here.

First, § 1252(e)(3) only deprives the Court of jurisdiction over challenges to the lawfulness of any section of the INA "or any regulation issued to implement such section." Petitioner raises no such challenge. Instead, "Petitioner challenges the lawfulness of his detention without a bond hearing." *Cardozo v. Noem*, No. 1:25-cv-1415, 2025 WL 3274381, at *2 (W.D. Mich. Nov. 25, 2025). That is, his challenge is "concerned with the specific applicability of § 1225," rather than the validity of any provision of the INA. *Cardona-Lozano v. Noem*, No. 1:25-CV-1784, 2025 WL 3218244, at *3 (W.D. Tex. Nov. 14, 2025). Accordingly, § 1252(e)(3) does not apply here. *See, e.g.*, *Boffill v. Field Off. Dir.*, No. 25-cv-25179, 2025 WL 3246868, at *2 (S.D. Fla. Nov. 20, 2025) ("Petitioner does not raise any systemic challenges, nor does he challenge the implementation of [§] 1225(b)(2). Petitioner challenges the lawfulness of *his* detention without a bond hearing, not the validity of the statutory scheme itself."); *Mairena-Munguia v. Arnott*, --- F. Supp. 3d ---, 2025 WL 3229132, at *2 (W.D. Mo. 2025) ("Petitioner is not challenging the lawfulness of any particular statute, regulation, or written policy or procedure. Thus, § 1252(e)(3) does not strip this Court of jurisdiction." (citation modified)).

Second, § 1252(g) only bars jurisdiction over challenges to three distinct actions by the Attorney General: the commencement of removal proceedings, the adjudication of those proceedings, and the execution of removal orders. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising

3

from deportation proceedings."). Here, Petitioner challenges his detention incident to his removal proceedings, and § 1252(g)'s jurisdictional bar therefore does not apply. *See Lopez-Arevelo v. Ripa*, --- F. Supp. 3d ---, 2025 WL 2691828, at *4 (W.D. Tex. 2025).

Third, § 1252(b)(9) is not as broad as Respondents assert. *See Jennings v. Rodriguez*, 583 U.S. 281, 293–94 (2018) (describing the "expansive interpretation of § 1252(b)(9)" proposed by Respondents as "absurd," and inevitably "lead[ing] to staggering results"). Ultimately, § 1252(b)(9) does not apply where a petitioner is challenging his detention, as opposed to "asking for review of an order of removal," "challenging the decision to detain [him] in the first place or to seek removal," or "challenging any part of the process by which [his] removability will be determined." *Id.* at 294; *see also Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *4 n.2 (S.D. Tex. Oct. 3, 2025) (discussing *Jennings*). Here, because Petitioner challenges only his ongoing detention during the pendency of his removal proceedings, "§ 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 583 U.S. at 295.

## B.    Merits

In the Petition, Petitioner asserts statutory and constitutional bases for relief. *See* Dkt. No. 1 at 17–22. Because the Court agrees with Petitioner's statutory argument—that he is a detainee subject to § 1226(a)—it does not address his asserted due process violations.

Petitioner's statutory challenge to his detention turns on whether 8 U.S.C. § 1225(b)(2) or § 1226(a) applies to him. If § 1225(b)(2) applies, then Petitioner's detention is mandatory during the pendency of his removal proceedings. *See* 8 U.S.C. § 1225(b)(2)(A) (providing that "the alien *shall* be detained" (emphasis added)). If § 1226(a) applies, then Petitioner's detention is discretionary, and he is entitled to a bond hearing before an immigration judge. *See id.* § 1226(a) (providing that "an alien *may* be arrested and detained" (emphasis added)). In other words,

4

"noncitizens detained under [§] 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under [§] 1226(a) are entitled to a bond hearing." *Covarrubias*, 2025 WL 2950097, at *2.

Pursuant to § 1225(b)(2), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Here, Petitioner is unquestionably an "an applicant for admission." Under the INA, an "applicant for admission" includes any "alien present in the United States who has not been admitted." *Id.* § 1225(a)(1). Petitioner entered the United States in 2003 without inspection; thus, he was present in the United States without having been admitted when ICE took him into custody. The Court therefore agrees with Respondents that Petitioner is appropriately categorized as an "applicant for admission."

The question, then, is whether *all* applicants for admission are subject to mandatory detention under § 1225(b)(2)(A), or only those applicants for admission whom the examining immigration officer determines to be "an alien *seeking* admission [and] . . . not clearly and beyond a doubt entitled to be admitted." *Id.* § 1225(b)(2)(A) (emphasis added).

Relying on a recent decision from the Board of Immigration Appeals, Respondents endorse the former interpretation, arguing that, under § 1225(b)(2), mandatory detention applies to all applicants for admission, including Petitioner. *See* Dkt. No. 11 at 10; *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). This approach is an abrupt departure from the Government's "longstanding interpretation . . . that § 1226(a), not § 1225(b)(2), applies" to applicants for admission, like Petitioner, "who are already present in the country." *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025).

Numerous courts have either rejected Respondents' broad new interpretation of § 1225(b)(2)[1] or held that mandatory detention without an individualized determination as to

---

[1] *See Buenrostro-Mendez*, 2025 WL 2886346; *Covarrubias*, 2025 WL 2950096; *Guerrero v. Noem*, No. AU-25-CV-1334-RP (W.D. Tex. Oct. 27, 2025); *Pereira-Verdi v. Lyons*, No. SA-25-CV-1187-XR (W.D. Tex. Oct. 10, 2025); *see also Gutierrez v. Baltasar*, No. 25-CV-2720, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *H.G.V.U. v. Smith*, No. 25-CV-10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Menjivar Sanchez v. Wofford*, No. 25-CV-1187, 2025 WL 2959274 (E.D. Cal. Oct. 17, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); *Maldonado v. Baker*, No. 25-3084, 2025 WL 2968042 (D. Md. Oct. 21, 2025); *Buestan v. Chu*, No. 25-16034, 2025 WL 2972252 (D. N.J. Oct. 21, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879 (D. Mass. Oct. 17, 2025); *Ochoa Ochoa v. Noem*, No. 25-CV-10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *Casio-Majia v. Raycraft*, No. 25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Hernandez v. Crawford*, No. 25-CV-1565, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025); *Pablo Sequen v. Albarran*, --- F. Supp. 3d ---, 2025 WL 2935630 (N.D. Cal. 2025); *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609 (S.D. Fla. Oct. 15, 2025); *Singh v. Lyons*, No. 25-CV-1606, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Alejandro v. Olson*, No. 25-CV-2027, 2025 WL 2896348 (S.D. Ind. Oct. 11, 2025); *Rico-Tapia v. Smith*, --- F. Supp. 3d ---, 2025 WL 2950089 (D. Haw. 2025); *Chavez v. Kaiser*, No. 25-CV-6984, 2025 WL 2909526 (N.D. Cal. Oct. 9, 2025); *Ortiz Donis v. Chestnut*, No. 25-CV-1228, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *Ballestros v. Noem*, No. 25-CV-594, 2025 WL 2880831 (W.D. Ky. Oct. 9, 2025); *Eliseo A.A. v. Olson*, No. 25-3381, 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *S.D.B.B. v. Johnson*, No. 25-CV-882, 2025 WL 2845170 (M.D.N.C. Oct. 7, 2025); *Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-CV-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lomeu v. Soto*, No. 25-CV-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Del Cid v. Bondi*, No. 25-CV-304, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025); *Aguilar Guerra v. Joyce*, No. 25-CV-534, 2025 WL 2986316 (D. Me. Oct. 23, 2025); *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Padilla v. Noem*, No. 25-CV-12462, 2025 WL 2977742 (N.D. Ill. Oct. 22, 2025); *Garcia v. Noem*, No. 25-CV-2771, 2025 WL 2986672 (C.D. Cal. Oct. 22, 2025); *Cortez Rivera v. Hyde*, No. 25-CV-12390, 2025 WL 2977900 (D. Mass. Oct. 22, 2025); *Moreira Aguiar v. Moniz*, No. 25-CV-12706, 2025 WL 2987656 (D. Mass. Oct. 22, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-CV-12826, 2025 WL 2976739 (E.D. Mich. Oct. 21, 2025); *Pineda v. Simon*, No. 25-CV-1616, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Santos Franco v. Raycraft*, No. 25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Sanchez Alvarez v. Noem*, No. 25-CV-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025); *Sandoval v. Raycraft*, No. 25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, No. 25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Elias Escobar v. Hyde*, No. 25-CV-12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499 (W.D. Wa. 2025); *Helbrum v. Williams Olson*, No. 25-CV-349, 2025 WL 2840273 (S.D. Iowa Sept. 30, 2025); *Chiliquinga Yumbillo v. Stamper*, No. 25-CV-479, 2025 WL 2783642 (D. Me. Sept. 30, 2025); *Inlago Tocagon v. Moniz*, ---- F. Supp. 3d ---, 2025 WL 2778023 (D. Mass. 2025); *Chang Barrios v. Shepley*, No. 25-CV-406, 2025 WL 2772579 (D. Me. Sept. 29, 2025); *J.U. v. Maldonado*, No. 25-CV-4836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Zumba v. Bondi*, No. 25-CV-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Roa v. Albarran*, No. 25-CV-7802, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025); *Lepe v. Andrews*, --- F. Supp. 3d ---, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-CV-1684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, --- F. Supp. 3d ---, 2025 WL 2712427 (N.D. Iowa 2025); *Chogllo Chafla v. Scott*, No. 25-CV-437, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Singh v. Lewis*, No. 25-CV-96, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-CV-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Bautista Pico v. Albarran*, No. 25-CV-8002, 2025 WL 2689860 (N.D. Cal. Sept. 19, 2025); *Vazquez*

danger and flight risk violates procedural due process.[2] The Court joins with the former and rejects Respondents' interpretation and application of § 1225(b)(2)(A) to all applicants for admission, including Petitioner.

The plain language of § 1225(b)(2) applies its mandatory-detention provision only where the applicant for admission is "seeking admission." *See* 8 U.S.C. § 1225(b)(2)(A). The argument that "seeking admission" is synonymous with being an "applicant for admission" runs contrary to established canons of statutory interpretation that "a variation in terms suggests a variation in meaning" and "[w]ords are to be given the meaning that proper grammar and usage would assign them." *Covarrubias*, 2025 WL 2950097, at *4 (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 140, 170 (2012)). "Seeking" is a "present-tense, or current, ongoing action, and varies materially from the passive state of being an applicant." *Covarrubias*, 2025 WL 295007, at *4. And the INA specifically defines "admission" as "lawful entry . . . after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). At the time Petitioner was taken into custody, he was not "seeking admission" because he was not seeking "lawful entry into the United States," let alone after inspection and authorization by an immigration officer. *See, e.g.*, *Sanchez Alvarez*, 2025 WL 2942648, at *5–6; *Ayala Amaya v. Bondi*, No. 25-cv-16428, 2025 WL 3033880, at *3 (D. N.J. Oct. 30, 2025).

---

*v. Feeley*, No. 25-CV-1542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Salazar v. Dedos*, No. 1:25-CV-00835-DHU-JMR, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *but see Garibay-Robledo v. Noem*, No. 1:25-CV-177-H (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, --- F. Supp. 3d ---, 2025 WL 2780351 (D. Neb. 2025); *Chavez v. Noem*, --- F. Supp. 3d ---, 2025 WL 2730228 (S.D. Cal. 2025); *Sandoval v. Acuna*, No. 6:25-CV-1467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025).

[2] *See Lopez-Arevelo*, 2025 WL 2691828 (applying *Matthews v. Eldridge* factors); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025); *Vieira v. De Anda-Ybarra*, --- F. Supp. 3d ---, 2025 WL 2937880 (W.D. Tex. 2025); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. EP-25-CV-470-KC, 2025 WL 3123828 (W.D. Tex. Nov. 7, 2025); *see also Torres v. Wamsley*, No. 25-5772, 2025 WL 2855379 (W.D. Wa. Oct. 8, 2025).

Accordingly, Petitioner is a detainee subject to § 1226(a), not § 1225(b). *See Jennings*, 583 U.S. at 289 ("In sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)." (emphasis added)).[3]

**C.    Relief**

The question, now, is the appropriate relief. Petitioner asks the Court to either order his immediate release or that he be given a bond hearing pursuant to § 1226(a) within seven days. *See* Dkt. No. 1 at 22. "Many courts have found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner." *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (citation modified). The Court will therefore order Respondents to either hold a bond hearing under § 1226(a) within fourteen days or release Petitioner.

## III.    CONCLUSION

For the foregoing reasons, the Petition (Dkt. No. 1) is **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) within fourteen days or release him. The parties shall file an advisory as to the status of Petitioner's bond hearing, if any, no later than **Friday, December 19, 2025**.

Petitioner's request for attorney's fees under the Equal Access to Justice Act, *see* Dkt. No. 1 at 22, is **DENIED**. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions.").

This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

---

[3] The Court notes that, even if this portion of *Jennings* is considered dicta, the Court is "generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024).

**IT IS SO ORDERED**.

**SIGNED** this 4th day of December, 2025.

_____

ORLANDO L. GARCIA
United States District Judge

9

**FILED**

December 15, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENESIS ARIANNY PEREZ-PUERTA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. SA-25-CV-01476-OLG |
| | § | |
| JOSHUA JOHNSON, Acting Dallas Field Office Director, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief (Dkt. No. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 3) filed by Petitioner Genesis Arianny Perez-Puerta. Respondents have responded (Dkt. No. 7), and Petitioner has replied (Dkt. No. 10). For the following reasons, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

**BACKGROUND**

The relevant facts are undisputed. Petitioner is a citizen of Venezuela who entered the United States without inspection on January 13, 2022. (Dkt. No. 11-6 at 11; Dkt. No. 7-1 at 1.) She was apprehended, arrested, and issued a Notice to Appear (NTA) the following day. (Dkt. No. 7-1 at 1.) On January 24, 2025, Petitioner was issued a superseding NTA—which charged her as "an alien present in the United States without having been admitted or paroled" and, therefore, inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (*see* Dkt. No. 7-1 at 1)—and an Order of Release on Recognizance—which provided that she had been placed in removal proceedings [under 8

U.S.C. § 1229a] and, "in accordance with [8 U.S.C. § 1226]," was being released into the United States on her own recognizance (*see* Dkt. No. 11-6 at 7–8).

Petitioner was detained in October 2025, during a routine check-in. (Dkt. No. 1 at 3; Dkt. No. 10 ¶ 25.) Respondents acknowledge that she is "in 'full' removal proceedings before an immigration judge" and contend that the INA mandates her continued detention during this time. (Dkt. No. 7 at 14 (citing 8 U.S.C. § 1229a); *see* Dkt. No. 11-3 at 17.) Petitioner initiated this proceeding on November 10, 2025, asserting that Respondents' keeping her in custody on a mandatory basis violates the INA because she is a detainee subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing.

## DISCUSSION

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) (citation omitted). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

## I.    Jurisdiction

The Court must first address Respondents' challenge to the Court's jurisdiction to adjudicate this habeas petition. They cite three jurisdiction-stripping provisions of the INA: § 1252(g), § 1252(b)(9), and § 1225(b)(4). (*See* Dkt. No. 7 at 11–12.)

Section 1252(g) applies to "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). As such, § 1252(g) only bars jurisdiction over

challenges to three distinct actions by the Attorney General: the commencement of removal proceedings, the adjudication of those proceedings, and the execution of removal orders. *See* 8 U.S.C. § 1252(g); *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."). Here, Petitioner challenges her detention incident to her removal proceedings, and § 1252(g)'s jurisdictional bar therefore does not apply. *See Lopez-Arevelo v. Ripa*, --- F. Supp. 3d. ---, 2025 WL 2691828, at *4 (W.D. Tex. 2025).

Section 1252(b)(9)—which confines "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" to review of challenges to final orders of removal—is likewise not as broad as Respondents assert. 8 U.S.C. § 1252(b)(9); *see Jennings*, 583 U.S. at 293–94 (describing the "expansive interpretation of § 1252(b)(9)" proposed by Respondents as "absurd," and inevitably "lead[ing] to staggering results"). Ultimately, § 1252(b)(9) does not apply where a petitioner is challenging her detention, as opposed to "asking for review of an order of removal," "challenging the decision to detain [her] in the first place or to seek removal," or "challenging any part of the process by which [her] removability will be determined." *Id.* at 294; *see also Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *4 n.2 (S.D. Tex. Oct. 3, 2025) (discussing *Jennings*). Because Petitioner challenges only her ongoing detention during the pendency of her removal proceedings, "§ 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 583 U.S. at 295.

Section 1225(b)(4) fares no better. Respondents argue that "[e]ven if the alien claims she is not appropriately categorized as an applicant for admission subject to § 1225(b), such a challenge must be raised before an immigration judge in removal proceedings." (Dkt. No. 7 at 11);

3

*see Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025)

(quoting identical language from respondents' brief in that case). "[Section] 1225(b)(4) [does] not

speak to the distinction between detention and deportability that this Court has explained is

essential to the jurisdictional analysis." *Rojas*, 2025 WL 3038262, at *2. Instead, it "addresses an

immigration officer's challenge to another officer's favorable determination that a noncitizen is

admissible." *Id.* Thus, it is inapplicable where, as here, the petitioner is an "applicant for

admission"—*i.e.*, one "who has not received a favorable determination of his admissibility." *Id.*

Accordingly, these provisions do not strip the Court of jurisdiction.

Because the preliminary injunctive relief sought by Petitioner is the same as the ultimate

relief he seeks on the merits of this habeas proceeding, the Court proceeds directly to the merits of

the habeas petition. *See Covarrubias*, 2025 WL 2950097, at *5 (granting petition for writ of habeas

corpus and denying motion for identical preliminary relief as moot); *Buenrostro-Mendez*, 2025

WL 2886346, at *4 (same).

## II.    Merits

Petitioner asserts statutory and constitutional bases for relief. (Dkt. No. 1 at 4.) Because

the Court agrees with Petitioner's statutory grounds for relief—that she is a detainee subject to

§ 1226(a)—it need not address her due process claim.

Petitioner argues that Respondents have incorrectly characterized her as being subject to

§ 1225(b)(2)(A)'s mandatory detention provision instead of § 1226(a)'s discretionary detention

provision, which would entitle her to a bond hearing before an immigration judge. (Dkt. No. 1 at

4; Dkt. No. 10 ¶ 41.) In response, Respondents contend that Petitioner's mandatory detention is

not premised on § 1225(b)(2)(A) but, instead, on § 1225(b)(1). (Dkt. No. 7 at 3.) Like

§ 1225(b)(2), § 1225(b)(1) prescribes mandatory detention; however, because it also requires

expedited removal proceedings, the Court is not persuaded by Respondents' attempt to rely on (b)(1) here.

Section 1225(b)(1) requires an immigration officer to order expedited removal, "without further hearing or review," of arriving aliens and certain other aliens whom the officer determines are inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7), unless the alien indicates either "an intention to apply for asylum" or "a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). In those cases, the alien "shall be detained," either for further consideration of the application for asylum, 8 U.S.C. § 1225(b)(1)(B)(ii), or pending a final determination of credible fear of persecution, 8 U.S.C. § 1225(b)(i)(B)(iii)(IV). *See Jennings*, 583 U.S. at 297. Respondents argue that Petitioner is properly mandatorily detained under § 1225(b)(1)(A)(iii)(II) (*see* Dkt. No. 7 at 4) as an alien "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that [she] has been physically present in the United States continuously for the [two]-year period immediately prior to the date of the determination of inadmissibility." 8 U.S.C. § 1225(b)(1)(A)(iii)(II). The Attorney General has the "sole and unreviewable discretion" to designate "certain other aliens" as subject to the screening provisions of § 1225(b)(1)(A) and is permitted to modify the designation "at any time." 8 U.S.C. § 1225(b)(1)(A)(iii)(I). Those screening provisions, however, permit only three outcomes: expedited removal "without further hearing or review," asylum proceedings, or credible-fear proceedings. *See Jennings*, 583 U.S. at 287 (quoting 8 U.S.C. §§ 1225(b)(1)(A)(i) and (ii)).

Respondents' attempt to use § 1225(b)(1)(A)(iii)(II) as a basis for properly detaining Petitioner on a mandatory basis is therefore belied by the fact that she is in full removal proceedings. (*See* Dkt. No. 7 at 4, 14.) Although the Attorney General has discretion to designate "certain other aliens" for application of the *expedited* removal process, 8 U.S.C.

5

§ 1225(b)(1)(A)(iii)(I), nothing in the statute affords her the discretion to subject an alien to (b)(1)'s mandatory detention requirement who is entitled to, and, in fact, receiving, full removal proceedings under § 1229a. Based on the statute, Petitioner cannot both be detained pursuant to § 1225(b)(1)(A)(iii)(II) and in full removal proceedings under § 1229a.

Because Petitioner is in full removal proceedings, her detention can only be authorized under § 1225(b)(2)(A) or § 1226(a). *See* 8 U.S.C. § 1225(b)(2)(A) ("[A]n applicant for admission . . . seeking admission . . . shall be detained for a proceeding under [§] 1229a."); 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States [under § 1229a]"); 8 U.S.C. § 1229a(a) ("An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien."). As this Court has already determined, because Petitioner is an applicant for admission who was not actively "seeking admission" when she was arrested and detained, she "is a detainee subject to § 1226(a)," not § 1225(b)(2)(A). *Mendoza Euceda v. Noem*, No. SA:25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025) (collecting cases); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025).

## III.    Relief

Petitioner asks the Court to order her immediate release under appropriate conditions or that she be given a bond hearing within 48 hours. (Dkt. No. 1 at 5.) Courts, including this one, "have found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner." *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (quoting *Lopez-Arevelo*, 2025 WL 2691828, at *13 (citation modified)); *see Mendoza Euceda*, No. SA:25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17,

6

2025); *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025). The Court will therefore order Respondents to provide Petitioner with a bond hearing under § 1226(a) within 14 days or release her.

## CONCLUSION

Petitioner Genesis Arianny Perez-Puerta's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) by **December 29, 2025**, or release her. The parties must file an advisory as to the status of Petitioner's bond hearing, if any, no later than **January 5, 2026**.

All other pending motions are **DISMISSED AS MOOT**.

It is so **ORDERED**.

This case is **CLOSED**.

**SIGNED** this _____ day of December 2025.

ORLANDO L. GARCIA
United States District Judge